**LITE DEPALMA GREENBERG & RIVAS, LLC**
Allyn Z. Lite
Michael E. Patunas
Mayra V. Tarantino
Two Gateway Center, 12th Floor
Newark, NJ  07102
(973) 623-3000
alite@ldgrlaw.com
mpatunas@ldgrlaw.com
mtarantino@ldgrlaw.com

**GOODWIN PROCTER LLP**
David M. Hashmall
Frederick H. Rein
Emily L. Rapalino
The New York Times Building
620 Eighth Avenue
New York, NY  10018
(212) 813-3300
*Attorneys for Defendants Pharmachemie B.V.*
*Teva Parenteral Medicines, Inc., and Teva Pharmaceuticals USA, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANOFI-AVENTIS U.S. LLC, SANOFI-AVENTIS, DEBIOPHARM, S.A., | |
| Plaintiffs, | Civil Action No.: 3:07-cv-02837-JAP-JJH |
| v. | |
| TEVA PARENTERAL MEDICINES, INC. and TEVA PHARMACETICALS USA, INC., | |
| Defendants. | |
| SANOFI-AVENTIS U.S. LLC, SANOFI-AVENTIS, DEBIOPHARM, S.A., | Civil Action No.: 3:07-cv-03144-JAP-JJH |
| | Civil Action No.: 3:07-cv-05408-JAP-JJH |
| Plaintiffs, | |
| v. | |
| PHARMACHEMIE B.V., TEVA PARENTERAL MEDICINES, INC. and TEVA PHARMACEUTICALS USA, INC.' | **TEVA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO SEAL** |
| | Return Date:  March 16, 2009 |
| Defendants. | |

198973 v1

Defendants Teva Parenteral Medicines, Inc., Teva Pharmaceuticals USA, Inc. and Pharmachemie B.V. ("Teva") submits this Memorandum in support of its Motion to Seal, pursuant to Local Civil Rule 5.3(c), permitting the filing under seal of confidential materials contained within (1) Teva's Memorandum of Law in Support of its Motion for Summary Judgment of Non-Infringement of Claim 2 of the '874 Patent; (2) Teva's Local Civil Rule 56.1 Statement of Material Undisputed Facts in Support Teva's Motion for Summary Judgment of Non-Infringement Claim 2 of the '874 Patent; (3) the Declaration of Marco Villa in Support of Teva's Motion for Summary Judgment of Non-Infringement of Claim 2 of the '874 Patent; (4) the Declaration of Genaro Hernandez Lopez in Support of Teva's Motion for Summary Judgment of Non-Infringement of the '874 Patent; (5) the Declaration of Graciela Mulhia Alvarez in Support of Teva's Motion for Summary Judgment of Non-Infringement of the '874 Patent; and (6) the Exhibits to the Declaration of Michael E. Patunas in Support of Teva's Motion for Summary Judgment of Non-Infringement of Claim 2 of the '874 Patent.

## ARGUMENT

**I.     Legal Standards Applicable To This Motion**

Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal should be granted. Specifically, it requires a showing of:

(a)     the nature of the materials or proceedings at issue;

(b)     the legitimate private or public interest which warrants the relief sought;

(c)     the clearly defined and serious injury that would result if the relief sought is not granted; and

(d)     why a less restrictive alternative to the relief sought is not available.

198973 v1

The following facts are presented to establish each of the above requirements with respect to the materials that Teva presently seeks to have sealed.

## II. The Materials that Teva Seeks to Seal Contain Highly Sensitive Materials

Each of the items that Teva seeks to seal contain highly sensitive, proprietary technical information pertaining to the process used to manufacture Sicor de Mexico's oxaliplatin Active Pharmaceutical Ingredient ("API"). Teva's Memorandum of Law (portions of pages 1-5), Rule 56.1 Statement (at paragraphs 8-13 and 15-18), the Declarations of Villa (at paragraphs 5, 7-10 or portions thereof), Lopez (at paragraphs 4-5 or portions thereof) and Alvarez (at paragraphs 4-6 or portions thereof), and the Exhibits to the Patunas Declaration ("Confidential Materials") each reference details of the process. Such information is not publicly available. The public disclosure of the Confidential Materials would affect the legitimate business interests of Teva and Sicor de Mexico in maintaining the confidentiality of this highly sensitive technical information. Public disclosure of the Confidential Materials would cause serious harm by revealing to competitors the substance of this information, which might then be used by a competitor to its commercial advantage. Any public benefit to the disclosure is outweighed by this potential harm to Teva. Teva has redacted from its Memorandum of Law, Rule 56.1 Statement and Declarations of Villa, Lopen and Alvarez the material concerning the process described above, and has filed those redacted versions on the public docket. Accordingly, Teva's request has been narrowly tailored as required by L.Civ.R. 5.3.

## **CONCLUSION**

For the foregoing reasons, Teva respectfully requests that the Court grant the within motion.

**LITE DEPALMA GREENBERG & RIVAS, LLC**

Dated: February 2, 2009

s/ *Michael E. Patunas*
Allyn Z. Lite
Michael E. Patunas
Mayra V. Tarantino
Two Gateway Center, 12th Floor
Newark, NJ  07102
(973) 623-3000
alite@ldgrlaw.com
mpatunas@ldgrlaw.com
mtarantino@ldgrlaw.com

**GOODWIN PROCTER LLP**
David M. Hashmall
Frederick H. Rein
Emily L. Rapalino
The New York Times Building
620 Eighth Avenue
New York, NY  10018
(212)813-8800
dhashmall@goodwinprocter.com
frein@goodwinprocter.com
erapalino@goodwinprocter.com

*Attorneys for Defendants Pharmachemie B.V., Teva Parenteral Medicines, Inc. and Teva Pharmaceuticals USA, Inc.*

198973 v1